### CURRY v. FOX.

#### (Supreme Court, Appellate Term.  June 21, 1912.)˙

LANDLORD AND TENANT (§ 172*)—EVICTION—WHAT CONSTITUTES.

The entry on leased premises by the landlord, and the removal of a sink and water pipes, constructed by the tenant, constituted a partial eviction, even if the landlord had a right to connect such pipes with a metered line, as required by an order of the municipal water department.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Edmond J. Curry against Charles L. Fox.  From a judgment for plaintiff on a directed verdict, defendant appeals.  Reversed, and new trial ordered.

See, also, 133 N. Y. Supp. 417.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Barnett & Jablow, of New York City, for appellant.
Michael J. Scanlon, of New York City, for respondent.

BIJUR, J.  This action was brought to recover rent for the month of October, 1911, payable under a lease on the 1st of October.  The answer set up as a defense, and by way of counterclaim, partial eviction of defendant from the premises, a dental office, because of plaintiff's illegal entry thereon on October 4, 1911, and the removal of a certain sink and pipes which defendant had constructed.

On the first trial, plaintiff had judgment upon the pleadings; but it was reversed by this court on the ground that, while the facts alleged were not available as a defense, they constituted the basis for a counterclaim.  On the trial, plaintiff sought to excuse his acts on the plea that under the lease defendant had agreed, "in doing said repairs, to comply with all municipal regulations"; that the municipal department of water supply, gas, and electricity had, on September 18, 1911, notified the plaintiff that the basin in the premises leased was not metered, and that "the same must be connected to the metered lines."  This notice was not properly proved, and the admission of this incompetent piece of evidence over the objection and exception of defendant constitutes reversible error.

It may be remarked that, on the record as it stands, a partial eviction was clearly established.  Whatever rights plaintiff might have had to connect the defendant's fixtures with a metered line, he had no right to enter the defendant's apartment for the purpose of removing and to remove the fixture.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes